UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY** | * | **CIVIL ACTION NO. 10-00469** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **KANSAS CITY SOUTHERN RAILWAY COMPANY** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand filed by plaintiff, Patrick Henry ("Henry").[1]  Doc. # 17.  Removing defendant, Kansas City Southern Railway Company ("KCSR"), opposes the motion.  For reasons set forth below, the motion to remand is **DENIED**.

### BACKGROUND

In 1988, Henry began working for Kansas City Southern Railway Company ("KCSR") as a railroad track repairman.

On March 9, 2009, Henry engaged a bankruptcy attorney to apply for a petition for bankruptcy pursuant to Chapter 13 of the United States Bankruptcy Code in the Southern District of Mississippi.  On June 19, 2009, the bankruptcy court entered an order confirming Henry's Chapter 13 Plan (the "Plan").  Henry will not be discharged under the Plan until 2014.

On February 18, 2010, Henry engaged a different attorney, and filed a petition in state

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

court that sought damages from KCSR under the Federal Employers' Liability Act ("FELA"). Doc. # 1, Ex. 5. Henry alleged that on July 29, 2009, he sustained severe injuries as a direct result of KCSR's failure to provide him a reasonably safe place to work. *Id.* at ¶ 9.

On March 24, 2010, KCSR removed this matter to federal court on the basis of subject matter jurisdiction. Doc. # 1. KCSR contended that this court had original jurisdiction over the matter pursuant to 28 U.S.C. § 1334 on the basis that Henry's FELA claim was "related to" Henry's bankruptcy action.[2] Accordingly, KCSR stated that removal of the matter was appropriate under 28 U.S.C. § 1452(a), which provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title [28 USCS § 1334].

On April 20, 2010, Henry filed the instant motion to remand. He argued that remand was proper because of FELA's non-removal provision, 28 U.S.C. § 1445(a), which provides:

> A civil action in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States.

Henry also appeared to argue that this court should abstain from hearing his FELA claim.

---

[2] Section 1334(b) of Title 28 of the United State Code specifically provides: "Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

## LAW AND ANALYSIS

### I. Motion to Remand

#### A. Standard of Review

A district court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). A district court has original federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant seeking removal to federal court on the basis of federal question jurisdiction bears the burden of demonstrating that a federal question exists. *In re Hot-Hed*, *Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Because removal raises significant federalism concerns, the removal statute is strictly construed "and any doubt as to the propriety of removal should be resolved in favor of remand." *Id.*

#### B. "Related to" Jurisdiction

Henry does not argue that this court lacks jurisdiction over his FELA claim because it is not related to his bankruptcy action under 28 U.S.C. 1334(b), and with good reason. A claim is related to a bankruptcy action "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988) (citing *Pacor, Inc. V. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). Henry's FELA claim is clearly related to his bankruptcy action because the claim itself is property of the bankruptcy estate. 11 U.S.C. §§ 1306(a)(1) & 541(a)(1); *see In re Stewart*, 373 B.R. 801, 803 (Bankr. S.D. Ga. 2007) (finding that a FELA claim that arose after the debtor's Chapter 13 plan was confirmed but while the Chapter 13 case was ongoing is property of his bankruptcy estate).

### C. Statutory Conflict between 28 U.S.C. § 1452(a) and 28 U.S.C. § 1445(a)

Because Henry does not argue that his FELA claim is unrelated to his bankruptcy action, whether this court should remand Henry's FELA action turns on the conflict between the bankruptcy removal statute and FELA's non-removal provision. The bankruptcy removal statute unambiguously states that any civil action (except for two exceptions which are inapplicable) may be removed to federal court if the action is related to a bankruptcy case. FELA's non-removal provision states in equally unambiguous terms that individual FELA actions may not be removed from state court.

### 1. Relevant Fifth Circuit and District Court Precedent

Neither the Fifth Circuit Court of Appeals nor any of the district courts in the Western District of Louisiana have considered the precise issue that is the focus of this case - the conflict between the bankruptcy removal statute, 28 U.S.C. § 1452(a), and FELA's non-removal provision, 28 U.S.C. § 1445(a). However, the Fifth Circuit has considered similar issues. For example, in *Gamble v. Central of Georgia Railway Company*, 486 F.2d 781 (5th Cir. 1973), the plaintiff filed a FELA action against the defendant railway company in state court, and the defendant impleaded a third party defendant. *Id.* at 782. The defendant subsequently removed plaintiff's FELA action to federal court on the basis of diversity jurisdiction, and the district court determined that removal was appropriate in the interest of judicial economy, despite the terms of § 1445(a). *Id.* at 783. The Fifth Circuit reversed, observing that the legislative history of § 1445(a) indicated that "Congress patently intended that FELA suits be not removed once instituted in state courts." *Id.* at 785. The Fifth Circuit further stated that Congress' "intended result was to take FELA suits 'out of the operation of the removal act' by [§ 1445(a)]." *Id.*

4

(citation omitted). Accordingly, the Fifth Circuit in *Gamble* interpreted § 1445(a) to be nearly insurmountable.

However, in *Lirette v. Quarles Drilling Company*, 820 F.2d 116 (5th Cir. 1987), the Fifth Circuit weakened its interpretation of § 1445(a). The plaintiff in *Lirette* sought damages under the Jones Act (which incorporates § 1445(a)) and the defendant removed the case to federal court. *Id.* at 117. After the district court dismissed plaintiff's Jones Act claim on summary judgment, an administrative panel of the Fifth Circuit raised *sua sponte* the issue of whether the district court lacked subject matter jurisdiction of plaintiff's Jones Act claim. *Id.* The administrative panel determined that the Fifth Circuit's "strict jurisdictional" interpretation of § 1445(a) in *Gamble* indicated that the plaintiff in the case could not waive § 1445(a)'s bar to removal by participation. *Id.* An en banc panel of the Fifth Circuit subsequently reversed, finding that the plaintiff's participation in the case at the district court level did amount to a waiver of his right under § 1445(a) to object to the exercise of subject matter jurisdiction. *Id.* The en banc panel concluded that "[t]he language in *Gamble* which construes the non-removal provision of § 1445(a) in strict jurisdictional terms is overruled." *Id.* at 118.

In addition, the Eastern District of Louisiana has decided four cases that pertain to the statutory conflict between the bankruptcy removal statute, 28 U.S.C. § 1452(a), and FELA's non-removal provision, 28 U.S.C. § 1445(a). The court in each case determined that remand was proper.

The four cases all arose out of the same incident. On June 25, 1993, the respective plaintiffs in the four cases sustained injuries while working on a vessel owned by Lykes Brothers Steamship Company, Inc. ("Lykes). *McRae v. Lykes Brothers Steamship Co.*, No. 98-3240, 1998

U.S. Dist. LEXIS 20132, at * 1 (E.D. La. Dec. 22, 1998). In 1997, the respective plaintiffs substituted Lykes' insurer, the United Kingdom Mutual Steamship Assurance Association ("UKMSAA") for Lykes, and asserted general maritime and Jones Act claims against UKMSAA, but were unable to prosecute their actions immediately because Lykes had filed for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code in the Middle District of Florida on October 11, 1995. *Id.* at * 2. However, on August 13, 1998, the Bankruptcy Court entered an order (the "Order") lifting the stay on the plaintiffs' lawsuits against Lykes so that the plaintiffs could "attempt to liquidate" their Jones Act claims "in a judicial proceeding in any appropriate forum, subject to the terms of the Plan and the Confirmation Order." *Id.* UKMSAA subsequently removed the cases to federal court on the basis of § 1452(a), and the plaintiffs argued that remand was proper under § 1445(a). *Id.* at * 2-3.

The first case to be decided was *McRae v. Lykes Brothers Steamship Co.*, No. 98-3240, 1998 U.S. Dist. LEXIS 20132 (E.D. La. Dec. 21, 1998) (Sear, J.). Judge Sear determined that remand was proper for two reasons. First, Judge Sear determined that § 1445(a) essentially trumped § 1452(a). He stated, "this action is brought under the Jones Act, and it is axiomatic that Jones Act suits may not be removed from state court because . . . the Jones Act incorporates . . . 28 U.S.C. § 1445(a)." *Id.* at * 4. Second, Judge Sear stated that the Order issued by the Bankruptcy Court addressed UKMSAA's concern that the plaintiff's Jones Act action would affect Lykes' bankruptcy estate because the Order makes any action against UKMSAA "subject to the terms of the Plan and the Confirmation Order." *Id.* at * 5.

In *Quadri v. Lykes Brothers Steamship Co.*, No. 98-3239, 1999 U.S. Dist. LEXIS 327 (E.D. La. Jan. 4, 1999) (Clement, J.), the second of the four cases to be decided, Judge Clement

specifically adopted Judge Sear's reasoning in *McRae*. *Id.* at * 4.  One week later, Judge Clement again adopted Judge Sear's reasoning in *McRae* in *Aiken v. The United Kingdom Mutual Steamship Assurance Association*, No. 98-3238, 1995 U.S. Dist. LEXIS 315, at * 4 (E.D. La. Jan. 11, 1999) (Clement, J.).

On the same day that *Aiken* was decided, Judge Vance in *Bennett v. The United Kingdom Mutual Steamship Assurance Association*, No. 98-3237, 1999 U.S. Dist. LEXIS 281 (E.D. La. Jan. 11, 1999) (Vance, J.) determined that remand was proper for a reason that was not enunciated by Judge Sear in *McRae*.  Noting that the defendant did not contend that the plaintiff's general maritime claims were not separate and distinct from her Jones Act claims, Judge Vance found in favor of remand because "[a] Jones Act claim filed in state court 'generally is not removable despite an independent basis of federal jurisdiction unless the Jones Act claim is joined with a separate and independent claim that is within our federal jurisdiction.'" *Id.* at * 3 (citing *Hopkins v. Dolphin Titan International, Inc.*, 976 F.2d 924, 926 (5th Cir. 1992)).  This reason tracked a provision in the general removal statute, 28 U.S.C. § 1441(c).[3]

As an initial matter, the Fifth Circuit cases clearly do not obligate this court to remand Henry's FELA claim.  Neither case considered the precise statutory conflict that is at the heart of this case.  Furthermore, *Gamble*'s very strong reading of § 1445(a) was explicitly overruled in *Lirette*.  *Lirette*, 820 F.2d at 118.  Although the exception to § 1445(a) that the Fifth Circuit recognized in *Lirette* was for cases in which plaintiffs waive by participation their right to object

---

[3] This statute provides, "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [28 USCS § 1331] is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

to federal court jurisdiction and not for cases related to bankruptcy actions, that the court recognized an exception to § 1445(a) in the first place indicates that the Fifth Circuit does not consider the statute's non-removal provision to be entirely insurmountable.

In addition, the series of cases from the Eastern District of Louisiana do not persuasively support a remand of this matter. Although the statutory conflict between § 1445(a) and § 1452(a) was apparently the focus of argument in these cases, none of the written opinions explicitly analyzed the conflict. Indeed, in *McRae*, the court, without analysis, held that §1445(a), FELA's non-removal provision, trumped the bankruptcy removal statute, § 1452(a). *McRae*, 1998 U.S. Dist. LEXIS 20132, at * 4. The courts in *Quadri* and *Aiken* subsequently adopted the holding in *McRae*. *Quadri*, 1999 U.S. Dist. LEXIS 327, at * 4; *Aiken*, 1995 U.S. Dist. LEXIS 315, at * 4. Finally, the court in *Bennett* did not even address the conflict between § 1445(a) and § 1452(a). *Bennett*, 1999 U.S. Dist. LEXIS 281.

### 2. *California Public Employees' Retirement v. WorldCom, Inc.*

KCSR primarily relies on an analogy between the matter at hand and a Second Circuit opinion, *California Public Employees' Retirement System v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004), to argue that remand is unwarranted. This court agrees with that argument.

The facts of *WorldCom* arise out of WorldCom's financial collapse in 2002. Plaintiffs, holders of WorldCom bonds, sued WorldCom in state court exclusively under the Securities Act of 1933, 15 U.S.C. § 77a. *Id.* at 91. WorldCom, which was in bankruptcy at the time, subsequently removed the matter to federal court on the basis of 28 U.S.C. § 1452(a). *Id.* at 92. Plaintiffs then filed a motion to remand under Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), a non-removal statute like § 1445(a), which provides:

8

> [N]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

The Second Circuit determined that § 1452(a) trumped Section 22(a) and denied plaintiffs' motion to remand.

This court finds the two primary arguments upon which the Second Circuit relied in arriving at its ruling in *WorldCom* to be persuasive. Both of these arguments are based on the distinction between 28 U.S.C. § 1452(a) and 28 U.S.C. § 1441(a), the general removal provision, which provides:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

First, the Second Circuit observed that § 1452(a) is unlike § 1441(a) because § 1452(a), which provides that "[a] party may remove *any* claim or cause of action," (emphasis added) does not contain an exception for claims arising under an Act of Congress barring removal. *WorldCom*, 368 F.3d at 106. The Second Circuit stated that if it interpreted Section 22(a) to trump both §§ 1441(a) and 1452(a), the exception clause in § 1441(a) would be surplusage. *Id.* Such an interpretation would run afoul of the rule of statutory construction that "[s]tatutes should be construed, if possible, to give effect to every clause and word." *Id.*; *see e.g., Duncan v. Walker*, 533 U.S. 157, 174 (2001).

In addition, the Second Circuit stated that the absence of an exception clause in §1452(a) suggests that, in 1978, when Congress enacted § 1452(a) as part of the Bankruptcy Code, it did not intend for Section 22(a), a previously enacted non-removal statute, to bar removal of claims "related to" bankruptcy proceedings. *WorldCom*, 368 F.3d at 106.

Both of these arguments are applicable in the instant matter. Regarding the first argument, interpreting § 1445(a) to trump both §§ 1441(a) and 1452(a) would also turn the exception clause in § 1441(a) into surplusage, and thus run afoul of the previously mentioned rule of statutory construction. *See Duncan*, 535 U.S. at 174. Regarding the second argument, since § 1445(a) was enacted in 1910, the absence of an exception clause from the subsequently enacted § 1452(a) also suggests that Congress did not intend for § 1445(a) to bar removal of claims "related to" bankruptcy proceedings.

Finally, this court finds that § 1452(a) should trump § 1445(a) for an additional reason. The operative verb in § 1445(a) is "may not be removed" whereas the operative verb in Section 22(a) of the Securities Act of 1933, the non-removal provision at issue in *WorldCom*, is "shall not be removed." Accordingly, the Second Circuit's determination that § 1452(a) trumped Section 22(a) supports a finding by this court that § 1452(a) also trumps § 1445(a) because § 1445(a) is arguably relatively more permissive than Section 22(a).

**II. Abstention**

In the last sentence of his brief in support of his motion to remand, Henry appears to argue that this court should abstain from exercising jurisdiction over his FELA claim. Accordingly, this court will consider Henry to have filed a motion for mandatory abstention under 28 U.S.C. § 1334(c)(2), which provides,

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Accordingly, mandatory abstention is triggered if, *inter alia*, (1) the removed claim or cause of action is based on state law; and (2) the case could not have been filed in federal court absent bankruptcy jurisdiction. *Id.*; *see, e.g.*, *Borne v. New Orleans Health Care*, 116 B.R. 487, 493 (E.D. La. 1990). In the matter at hand, the court is not obligated to abstain from exercising jurisdiction over Henry's FELA claim because the claim is not a state law claim and could have been filed in federal court absent bankruptcy jurisdiction.

## CONCLUSION

For the foregoing reasons,

The motion to remand filed by plaintiff Patrick Henry (doc. # 17) is **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 9th day of July, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE