UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **PATRICK HENRY** | * | **CIVIL ACTION NO. 10-00469** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **KANSAS CITY SOUTHERN RAILWAY COMPANY** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by defendant Kansas City Southern Railway Company ("KCSR"). Doc. # 15. For reasons set forth below, it is recommended that the motion be **GRANTED** as to plaintiff's cumulative trauma claim, and that the remainder of this matter be **REMANDED** to state court.

BACKGROUND

In 1988, Henry began working for Kansas City Southern Railway Company ("KCSR") as a railroad track repairman.

On March 9, 2009, Henry engaged a bankruptcy attorney to file a bankruptcy petition, pursuant to Chapter 13 of the United States Bankruptcy Code, in the Southern District of Mississippi. On June 19, 2009, the bankruptcy court entered an order confirming Henry's Chapter 13 Plan (the "Plan"). Henry will not be discharged under the Plan until 2014.

Thereafter, Henry engaged a different attorney and, on February 18, 2010, filed a state court petition seeking damages from KCSR under the Federal Employers' Liability Act ("FELA"). Doc. # 1, Ex. 5. Henry argued two claims. First, he alleged that KCSR maintained "unsafe work conditions" during his "tenure" with the company which "ultimately resulted in a severe and permanently disabling cumulative trauma disorders to [his] back, neck, shoulders,

knees, hips and spine." *Id.* at ¶ 8. Second, Henry alleged that on July 29, 2009, he sustained severe injuries as a direct result of KCSR's failure to provide him a reasonably safe place to work. *Id.* at ¶ 9.

On March 24, 2010, KCSR removed this matter to federal court on the basis of bankruptcy jurisdiction. Doc. # 1.

On April 8, 2010, KCSR filed the instant motion to dismiss. Doc. # 15. KCSR contended that Henry's claims are barred by the doctrine of judicial estoppel because Henry failed to disclose his existing or potential claims against KCSR when he filed his bankruptcy petition and did not subsequently amend his petition after he filed suit against KCSR. *Id.* at 3.

On May 10, 2010, Henry filed his opposition to KCSR's motion. Doc. # 23. In his memorandum, Henry primarily contended that his claims are not barred by the doctrine of judicial estoppel because they arose after the bankruptcy court had confirmed his Chapter 13 bankruptcy plan. *Id.* at 7. Henry also notified the court that he was in the process of amending his bankruptcy schedules to disclose his claims against KCSR. Doc. #   The matter is now before the court.

## LAW AND ANALYSIS

### I. Judicial Estoppel

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *Browning Manufacturing v. Mims*, 179 F.3d 197, 205 (5th Cir. 1999) (citation omitted). "The purpose of the doctrine is 'to protect the integrity of the judicial process', by 'preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *Id.* (citations omitted).

2

"A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (2005).

To prove that a failure to disclose was inadvertent under the third prong of the judicial estoppel test, a party may demonstrate either that he did not know of the inconsistent position or that he had no motive to conceal it from the court. *Browning*, 179 F.3d at 210. When a party seeks to prove inadvertence by demonstrating that he did not know of the inconsistent position, he must show not that he was unaware that he had a duty to disclose but that, at the time he filed his bankruptcy petition, he was unaware of the facts giving rise to the claim. *Jethroe*, 412 F.3d at 600.

In the context of bankruptcy, "[a] debtor is required to disclose all potential claims in a bankruptcy petition." *Kamont v. West*, 83 Fed. Appx. 1, 5 (5th Cir. 2003); 11 U.S.C. § 521(1). Accordingly, courts regularly apply judicial estoppel to bar a debtor's cause of action that arose prior to the filing of his bankruptcy petition but which the debtor failed to disclose to the bankruptcy court. *See, e.g.*, *Jethroe*, 412 F.3d at 600; *Browning Manufacturing v. Mims*, 179 F.3d 197, 209-11 (5th Cir. 1999).

**II. Analysis of Henry's Claims**

    **A. Henry's Cumulative Trauma Claim**

Henry's cumulative trauma claim arose during the "tenure" of his employment at KCSR, which began in 1988, and thus prior to the filing of his bankruptcy petition. *See* Doc. # 1, Ex. 5, at ¶ 8. Accordingly, his failure to include this claim in his bankruptcy petition was a violation of

the Bankruptcy Code. *See* 11 U.S.C. § 521(1). Barring this claim on the basis of judicial estoppel is therefore appropriate. *See Jethroe*, 412 F.3d at 600.

Henry appears to contend that judicial estoppel does not apply to this particular claim on the basis that his failure to disclose the claim was inadvertent in that he was unaware that he was obligated to disclose the claim when he submitted his bankruptcy petition. However, to claim that his failure to disclose was inadvertent, Henry would need to demonstrate that, at the time he filed his bankruptcy petition, he was unaware of the facts giving rise to the claim. *Jethroe*, 412 F.3d at 600. This Henry has not done.

### B. Henry's Post-Confirmation Claim/ Remand

As the foregoing discussion indicates, Henry's only remaining claim is based on the incident that occurred on July 29, 2009. However, bankruptcy jurisdiction does not exist over the remaining claim because the claim arose after the confirmation of Henry's Chapter 13 bankruptcy plan on June 19, 2009. *See In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001); *Newby v. Enron Corp.*, 535 F.3d 325, 335 (5th Cir. 2008). In addition, even if the defendants could assert an alternative basis for subject matter jurisdiction, the remaining claim, standing alone, would not have been removable because it would have been subject to the FELA's non-removal provision, 28 U.S.C. § 1445(a). Accordingly, in light of this court's recommendation that Henry's cumulative trauma claim be dismissed, this court should also decline to exercise supplemental jurisdiction over Henry's claim based on the July 29, 2009 incident. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if – . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . .").

On July 9, 2010, this court issued a memorandum ruling denying Henry's motion to remand, determining that Henry's claims were related to his bankruptcy case and that the bankruptcy removal statute trumped the FELA's non-removal provision.  Doc. # 35

Neither the parties' briefings on Henry's motion to remand nor this court's own memorandum ruling specifically addressed the issue of supplemental jurisdiction.  However, in connection with this report and recommendation, the undersigned clarifies the jurisdictional issue by pointing out that, at the time of removal, while original jurisdiction existed over Henry's cumulative trauma claim, the court had supplemental jurisdiction over his claim arising out of the July 29, 2010 incident because of its close relation to his cumulative trauma claim.  Both claims essentially allege that KCSR was negligent for maintaining unsafe work conditions; thus, the two claims "are such that [Henry] would ordinarily be expected to try them all in one judicial proceeding."  *See United Mine Workers v. Gibbs*, 388 U.S. 715, 725 (1966); *Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 142 (5th Cir. 1987).

This court does not have bankruptcy jurisdiction over Henry's claim based on the July 29, 2010 incident because,  "After a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, cease to exist, other than for matters pertaining to the implementation or execution of the plan."  *In re Craig's Stores of Texas, Inc.*, 266 F.3d 388, 390 (5th Cir. 2001).  In *Craig's Stores*, the plaintiff filed a breach of contract action in district court eighteen months after a bankruptcy court had approved its Chapter 13 reorganization plan.  *Id.* at 389.  The court held that bankruptcy jurisdiction did not exist.  In *Newby v. Enron Corp.*, 535 F.3d 325 (5th Cir. 2008), the Fifth Circuit revisited *Craig's Stores*, and noted that three factors were critical to its holding: "first, the claims at issue 'principally dealt with post-confirmation

5

relations between the parties; second, '[t]here was no antagonism or claim pending between the parties as of the date of the reorganization;' and third, 'no facts or law deriving from the reorganization or the plan [were] necessary to the claim.'" *Newby*, 535 F.3d at 335 (citing *Craig's Stores*, 266 F.3d at 391).

The *Craig's Stores* factors indicate that bankruptcy jurisdiction does not exist over Henry's claim arising out of the July 29, 2009 incident. Under the first two factors, bankruptcy jurisdiction does not exist because the claim concerns a post-confirmation incident and no claim was pending because Henry did not file his state court petition until after his bankruptcy plan had been confirmed. Under the third factor, bankruptcy jurisdiction does not exist because nothing in Henry's bankruptcy plan is necessary to resolve Henry's July 29, 2009, claim.

Accordingly, bankruptcy jurisdiction does not exist over Henry's only remaining claim, and, at this early stage in the proceedings, and particularly in light of the non-removal statute generally governing FELA claims, this court should decline to exercise supplemental jurisdiction over it. *See City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (The [supplemental jurisdiction statute] reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'").

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that the motion to dismiss filed by defendant Kansas City Southern Railway Company be **GRANTED** to the extent that it seeks the dismissal of Henry's

cumulative trauma claim.

**IT IS FURTHER RECOMMENDED** that this court decline to exercise supplemental jurisdiction over Henry's claim arising out of the July 29, 2009 incident, and that the remainder of this matter be **REMANDED** to state court.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of July, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE