RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE _____
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| PATRICK HENRY | CIVIL ACTION NO. 10-0469 |
| VERSUS | JUDGE ROBERT G. JAMES |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | MAG. JUDGE KAREN L. HAYES |

RULING

Pending before the Court is a Motion to Dismiss [Doc. No. 15] filed by Defendant Kansas City Southern Railway Company. On July 22, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 36], recommending that the motion be granted and a remaining claim be remanded. The Court DECLINES TO ADOPT the Report and Recommendation of the Magistrate Judge.[1] For the following reasons, Defendant's Motion to Dismiss, construed as a Motion for Summary Judgment, is GRANTED, and this case is DISMISSED WITH PREJUDICE.

I.   FACTUAL AND PROCEDURAL HISTORY

This case arises out of Plaintiff Patrick Henry's employment as a railroad track repairman for Defendant.

On March 9, 2009, Plaintiff filed a petition for Chapter 13 bankruptcy in the bankruptcy court for the Southern District of Mississippi. [Doc. No. 15-1, Exhibit B]; *In re Patrick Henry*, No. 09-50440-NPO (Bankr. S.D. Miss.). On the same day, Plaintiff filed a schedule of assets with the bankruptcy court. [Doc. No. 15-1, Exhibit E]. On June 9, 2009, Plaintiff amended his schedule of

---

[1] Because the Motion to Dismiss is a dispositive motion and there are objections to the Report and Recommendation, the Court reviews the record *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

assets. *Id.* On June 19, 2009, the bankruptcy court entered an order confirming Plaintiff's Chapter 13 plan. *Id.* at Exhibit D. Plaintiff's bankruptcy will be discharged sometime in 2014. *See id.*

Plaintiff avers that, prior to July 29, 2009, he "had no knowledge of any previous injury claims traumatic or cumulative in nature that would have been the subject of inquiry on [his] Bankruptcy Petition." [Doc. No. 23-1, ¶ 7]. Plaintiff alleges that, on July 29, 2009, he sustained injuries while working for Defendant when a road-rail vehicle collided with a train.

On February 18, 2010, Plaintiff filed suit against Defendant in state court under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60, and Locomotive Inspection Act, 49 U.S.C. §§ 20701-20703. Plaintiff alleged that Defendant negligently maintained unsafe working conditions that "ultimately resulted in a severe and permanently disabling cumulative trauma disorder[] to [his] back, neck, shoulders, knees, hips and spine," and that on July 29, 2009, Defendant negligently caused him serious injuries because of defective road-rail vehicle brakes.

On March 24, 2010, Defendant removed the case to this Court on the basis of bankruptcy jurisdiction. On April 20, 2010, Plaintiff filed a Motion to Remand [Doc. No. 17], which was referred to Magistrate Judge Hayes. On July 9, 2010, the Magistrate Judge denied the motion. [Doc. No. 35].

On April 8, 2010, Defendant filed the pending Motion to Dismiss [Doc. No. 15], which was also referred to the Magistrate Judge. On July 22, 2010, the Magistrate Judge issued a Report and Recommendation [Doc. No. 36], recommending that Defendant's motion be granted, Plaintiff's cumulative trauma claim be dismissed with prejudice, and Plaintiff's traumatic incident claim be remanded.

Both parties then filed objections [Doc. Nos. 37 & 38] to the Report and Recommendation

and Defendant filed a response [Doc. No. 43] to Plaintiff's objection.

## II. LAW AND ANALYSIS

### A. Standard of Review

Because "matters outside the pleadings [have been] presented to and not excluded by the court" in Defendant's Motion to Dismiss, the parties agree that this "motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). In accordance with Rule 12(d), all parties have "been given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Under Rule 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the

evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Judicial Estoppel

Defendant asserts that Plaintiff should be judicially estopped from asserting his claims against it because Plaintiff did not disclose his potential claims in the bankruptcy proceeding before filing suit against Defendant. Plaintiff contends that he should not be judicially estopped because he did not know about his potential claims until after the bankruptcy court confirmed his Chapter 13 plan.

"Judicial estoppel is 'a common law doctrine by which a party who has assumed one position in his pleadings may be estopped from assuming an inconsistent position.'" *In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (quoting *Brandon v. Interfist Corp.*, 858 F.2d 266, 268 (5th Cir. 1988)). "The purpose of the doctrine is 'to protect the integrity of the judicial process', by 'preventing parties from playing fast and loose with the courts to suit the exigencies of self interest.'" *Id.* (quoting *Brandon*, 858 F.2d at 268). "Because the rule is intended to prevent improper use of judicial machinery, judicial estoppel is an equitable doctrine invoked by a court at its discretion. *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks and citations omitted).

"A court should apply judicial estoppel if (1) the position of the party against which estoppel is sought is plainly inconsistent with its prior legal position; (2) the party against which estoppel is sought convinced a court to accept the prior position; and (3) the party did not act inadvertently." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) (citing *In re Coastal Plains, Inc.*, 179 F.3d at 206-07).

To prove that a failure to disclose was inadvertent under the third prong of the judicial


estoppel test, a party may demonstrate either that he did not know of the inconsistent position or that he had no motive to conceal it from the court. *In re Coastal Plains, Inc.*, 179 F.3d at 210. When a party seeks to prove inadvertence by demonstrating that he did not know of the inconsistent position, he cannot meet his burden by showing that he was unaware of the duty to disclose, but must show that, at the time he filed his bankruptcy petition, he was unaware of the facts giving rise to the claim. *Jethroe*, 412 F.3d at 600.

The Court finds that Plaintiff is judicially estopped from asserting his claims against Defendant under the first two prongs of the test.

First, Plaintiff's claims are plainly inconsistent with his filings in his bankruptcy proceedings. Second, Plaintiff has convinced the bankruptcy court that he has not acquired any potential claims against Defendant. "[T]he Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims*." *In re Coastal Plains, Inc.*, 179 F.3d at 207-08 (citing 11 U.S.C. § 521 ("The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs")). "'*Any claim with potential must be disclosed*, even if it is contingent, dependent, or conditional.'" *Id.* at 208 (quoting *Westland Oil Dev. Corp. v. Mcorp Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993)). On March 9, 2009, Plaintiff filed a schedule of assets with the bankruptcy court and swore under oath and penalty of perjury that he had no "contingent and unliquidated claims of [any] nature." [Doc. No. 15-1, Exhibit E]. On June 9, 2009, Plaintiff amended his schedule of assets, but, at that time, he did not have any claims against Defendant. *Id.* When his accident occurred on July 29, 2009, Plaintiff did not amend his schedule of assets to include the claims against Defendant.

Therefore, at the time Plaintiff filed suit against Defendant, he was representing to the bankruptcy court that he did not have potential claims against Defendant, while representing to the state court that he did. The bankruptcy court relied on Plaintiff's June 9, 2009 amended schedule of assets when it confirmed his Chapter 13 plan. *Jethroe*, 412 F.3d at 600 (citation omitted) (A bankruptcy court confirms a debtor's "plan at least in part based on its assessment of [the debtor's] assets and liabilities.").

The fact that Plaintiff avers that he did not have potential claims against Defendant until after the bankruptcy court confirmed his Chapter 13 plan (because he avers that he did know of his injuries prior to July 29, 2009) does not change the Court's decision. "Under the Bankruptcy Code, substantially all of a debtor's existing assets, 'including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition.'" *Young v. Town of Greenwood*, No. 08-602, 2009 WL 1924192, at *2 (W.D. La. June 26, 2009) (quoting *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008)). "In Chapter 13 cases, the estate also includes legal claims and causes of action that are acquired 'after commencement of the [bankruptcy] case but before the case is closed, dismissed, or converted." *Id.* (alteration in original) (citing 11 U.S.C. § 1306(a)(1) & § 541(a)(1)). Therefore, bankruptcy debtors have an ongoing duty to amend their schedule of assets in bankruptcy proceedings, including those acquired after a bankruptcy court has confirmed a bankruptcy plan. *See In re Coastal Plains, Inc.*, 179 F.3d at 208 (citing *Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n*, 932 F.Supp. 859, 867 (E.D. Tex. 1996)) ("The duty of disclosure in a bankruptcy proceeding is a continuing one, and a debtor is required to disclose all potential causes of action."). Although the bankruptcy court has already confirmed Plaintiff's Chapter 13 plan, his bankruptcy case remains

open. Therefore, Plaintiff is required to disclose all pending and potential claims to the bankruptcy court until his case is closed, dismissed, or converted. Because Plaintiff failed to disclose his potential claims against Defendant to the bankruptcy court before filing the suit against Defendant, the first and second prongs of the judicial estoppel elements are satisfied.

Plaintiff argues that his claims against Defendant should not be judicially estopped because he "is in the process of amending the bankruptcy proceeding so that the creditors may receive any additional asset in the event that a positive outcome occurs in Plaintiff's favor." [Doc. No. 23, p. 6]. However, over a year has passed since Plaintiff avers that he learned of his claims against Defendant and over six months have passed since Plaintiff filed suit against Defendant. Records from the bankruptcy court show no activity in the bankruptcy proceeding since November 15, 2009, and Plaintiff has presented no evidence that he has informed anyone involved in his bankruptcy proceeding of his potential claims against Defendant or that he filed suit against Defendant. Furthermore, under the rules of judicial estoppel, Plaintiff was required to amend his schedule of assets **before** filing suit against Defendant. *See Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1288 (11th Cir. 2002) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor should consider disclosing personal assets only if he is caught concealing them.") *cited with approval in In re Superior Crewboats, Inc.*, 374 F.3d 330, 336 (5th Cir. 2004); *Loyd v. Harrah's Shreveport/Bossier City Holding Co., L.L.C.*, No. 03-757-S, 2005 WL 3113028, at *2 (W.D. La. Nov. 21, 2005) ("The court system will not encourage debtors to take a chance and not disclose assets knowing that if they are caught the bankruptcy can be reopened. The Judicial system should not be abused in this manner. Therefore, the Court finds that the defendants have shown that judicial

estoppel is appropriate in this matter.").[2]

Finally, Plaintiff does not dispute that he was aware of his claims against Defendant prior to filing the instant suit. Therefore, he did not act inadvertently when he failed to amend his schedule of assets prior to filing suit against Defendant.

Therefore, Plaintiff is judicially estopped from asserting his claims against Defendant.

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, construed as a Motion for Summary Judgement [Doc. No. 15], is GRANTED, and this case is DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this **2** day of September 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiff also argues that judicially estopping his claims against Defendant would "penalize[] both the debtor and the creditors, while bestowing a windfall upon the third-party non-creditor defendant . . . ." [Doc. No. 23, p. 9 ] (citing *Cloud v. Northrop Grumman Corp.*, 79 Cal. Rptr. 2d 544, 560 (Cal. Ct. App. 1998)). The Court is not persuaded. First, this Court is not bound by a California state court. Second, judicial estoppel "is intended to protect the judicial system, *rather than the litigants* . . . ." *In re Coastal Plains, Inc.*, 179 F.3d at 205 (citing *In re Cassidy*, 892 F.2d 637, 641 & n.2 (7th Cir. 1990)).

8